# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>The Executive Office<br>Office of the Legal Adviser, Room 5519<br>2201 C Street, NW<br>Washington, DC  20520,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records

from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government headquartered at 2201 C Street NW, Washington, DC  20520.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 8, 2016, *Politico* reported that, on June 17, 2011, U.S. Secretary of State Hillary Clinton had sent her deputy chief of staff, Jacob Sullivan, instructions that certain talking points be "turned into nonpaper" and forwarded to her via a nonsecure system after identifying information had been removed.  In response to the disclosure, State Department spokesperson John Kirby announced that the agency examined the matter and found no evidence that the talking points had been emailed to Secretary Clinton.  The disclosure nonetheless raised additional questions about Secretary Clinton's exclusive use of a private email server to conduct official, State Department business.

6. On January 14, 2016, Plaintiff submitted two FOIA requests to Defendant, by facsimile and certified mail, seeking records related to both the disclosure and the State Department's response to the disclosure.  The first request sought the following:

> **Any and all records concerning, regarding, or relating to the talking points referenced in the attached email exchange dated June 17, 2011 between former Secretary of State Hillary Clinton and Jacob Sullivan, in which Sullivan is instructed to turn the subject talking points "into nonpaper w no identifying heading" and to "send nonsecure."**

7. The second request, also sent on January 14, 2016, sought the following records from Defendant:

> **Any and all records that served as the factual basis for the statement by State Department spokesman John Kirby that "We did do some forensics on that and found no evidence that it was actually emailed to**

**her.  We have found no indication that the document was emailed to former Secretary Clinton."**

8. By letters dated February 5, 2016, Defendant acknowledged receiving both requests on January 14, 2016.  The first request was assigned Case Control No. F-2016-00676.  The Second Request was assigned Case Control No. F-2016-00677.

9. As of the date of this Complaint, Defendant has failed to:  (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT 1

### Violation of FOIA, 5 U.S.C. § 552

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

12. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's requests within twenty (20) working days of receiving the requests on January 14, 2016.  Because the requests were sent to the component of Defendant designated by Defendant's regulations to receive FOIA requests, Defendant had an additional ten (10) working days in which to issue its determinations.  Accordingly, Defendant's determinations were due on or about February 29, 2016.  At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it

may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

14. Because Defendant failed to determine whether to comply with Plaintiff's requests within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 10, 2016                                               Respectfully submitted,

*s/ Chris Fedeli*
Chris Fedeli
D.C. Bar No. 472919
JUDICIAL WATCH, INC.
425 Third Street, SW, Suite 800
Washington, DC  20024
(202) 646-5172

*Counsel for Plaintiff*